# NO. 12–08–00022–CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN WAYNE MOSS,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Kevin Wayne Moss appeals his conviction for aggravated assault. Appellant's counsel filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief. We dismiss Appellant's appeal.

### BACKGROUND

Appellant was charged by indictment with aggravated assault. The grand jury further alleged that Appellant used a deadly weapon in the assault. Prior to trial, the State gave notice pursuant to ***Brooks v. State***, 957 S.W.2d 30 (Tex. Crim. App. 1997), that it intended to seek a greater punishment based on Appellant's having been twice before convicted of unrelated felony offenses.[1] The jury found Appellant guilty of aggravated assault and found that he used a deadly weapon in the

---

[1] The record reflects that the State filed a notice of intent to seek a sentencing enhancement and then filed an amended notice of intent. The record before us contains two copies of the amended notice of intent and does not contain a copy of the first notice. Appellant pleaded true to the amended notice.

commission of the offense. Appellant pleaded true to the sentencing enhancement, and the jury assessed punishment at life imprisonment.[2] This appeal followed.

### ANALYSIS PURSUANT TO ANDERS v. CALIFORNIA

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.

Appellant argues in his pro se brief that the trial court erred by not allowing him to explore evidence that, while on the way to the hospital, the victim said he was shot by a person named "D–Lacy" or "D–Love." The victim testified that he knew of a person named "Dee Lacy," and it appears from the record that Dee Lacy and Appellant are not the same person. We have considered the briefing and have conducted our own independent review of the record. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988). We have found no reversible error.[3] *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly

---

[2] Aggravated assault of a person who is not a police officer or a security guard is a second degree felony. TEX. PENAL CODE ANN. § 22.02(a) (Vernon Supp. 2008). The punishment range for a felony other than a state jail felony is enhanced to twenty–five years to life in prison if the State alleges and proves, as here, that the person has two prior felony convictions, that both convictions came before the commission of the instant offense, and that one prior conviction became final before the commission of the other prior offense. TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2008).

[3] We note that the evidence that Appellant argues should have been allowed was admitted and that his attorney argued to the jury that "D–Lacy" or "D–Love" was responsible for the shooting.

frivolous. Accordingly, his motion for leave to withdraw is hereby granted, and we dismiss this appeal. *See **In re Schulman***, 252 S.W.3d at 408–09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 13, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)